UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN MANUEL GARCIA-RODRIGUEZ,<br><br>Defendant. | Case No.: 12cr00860 JAH<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE [Doc. No. 43]** |

Pending before the Court is Defendant's motion to reduce his sentence pursuant to 18 U.S.C. section 3582. Defendant requests retroactive application of Amendment 782, which revised the guidelines applicable to drug offenses by reducing the offense levels for drug and chemical quantities. Under section 3582(c), a court may modify a term of imprisonment "if a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The government opposes the motion and argues Defendant is not entitled to a reduction because his original sentence is lower than his amended guidelines.

Upon Defendant's plea of guilty to Counts 1 and 2 of the superseding information, knowing and intentional use of a communication facility in committing or facilitating a controlled substance offense in violation of Title 21, United States Code section 843 (b),

1

this Court sentenced Defendant to 48 months imprisonment for each count to run consecutive for a total of 96 months followed by one year of supervised release for each count to run concurrent.

A court conducts a two-step analysis when proceeding under section 3582(c)(2): step one requires a court to determine the defendant's eligibility for modification and extent of reduction by determining what the guideline range would have been if the amendment had been in effect at the time of sentencing, and step two instructs a court to consider any applicable section 3553(a) factors and determine whether the reduction is warranted. Dillon v. U.S., 560 U.S. 817, 827 (2010). Defendant's amended guideline range remains 38 under the amended guidelines. Based upon a base offense level of 38, +2 for importation of methamphetamine -3 for acceptance of responsibility, and a criminal history category of III, results in a range of 262 to 327 months. Because his original sentence is lower than his amended guideline range, Defendant is not entitled to a reduction of his sentence. USSG § 1B1.10(b)(2)(A).

Accordingly, IT IS HEREBY ORDERED Defendant's motion for reduction of sentence is **DENIED**.

DATED: November 15, 2018

JOHN A. HOUSTON
United States District Judge